IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv251-GCM
(3:02cr151-1)

| | |
|---|---|
| ZAKEIA RASHON BLAKELY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | NOTICE AND ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Respondent's Motion To Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 5). In accordance with Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the Court advises Petitioner, who is proceeding *pro se*, of his obligation to respond to Respondent's Motion.

When a motion to dismiss is filed simultaneously with an answer, the motion should be construed as one for a judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. Walker v. Kelly, 589 F.3d 127, 139 (4th Cir. 2009). Respondent's Motion (Doc. No. 5) was filed simultaneously with a response (Doc. No. 4). The Court, therefore, will construe the Motion to Dismiss as a motion for a judgment on the pleadings. Nonetheless, a motion for a judgment on the pleadings is decided using the same standard as a motion to dismiss for failure to state a claim upon which relief can be granted made pursuant to Rule 12(b)(6). Id.

In responding to Respondent's Motion, Petitioner must show that he has made sufficient allegations to support a cause of action which is recognized by law. See Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative

level.") (citation omitted); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010).  In the context of a § 2255 proceeding, the factual allegations must be sufficient to allow the court to draw the reasonable inference that Petitioner is in custody under a judgment that is subject to collateral attack on one or more of the grounds set forth in the Rules Governing Section 2255 Proceedings, Rule 1, 28 U.S.C.A. foll. § 2255.

In considering the pleadings in a § 2255 action, a court need not accept a petitioner's legal conclusions drawn from the facts.  Iqbal, 129 S.Ct. at 1949–50.  Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006) (citation and quotation omitted).  Moreover, a court may take judicial notice of its own records and proceedings, as well as documents attached to the Motion to Vacate and the motion for a judgment on the pleadings, without converting the motion for a judgment on the pleadings to a motion for summary judgment.  See e.g., Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (citations omitted).  Petitioner is advised, however, that if he chooses to file documents, affidavits, or declarations in opposition to Respondent's Motion, such action may result in the conversion of the motion for a judgment on the pleadings to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

**IT IS, THEREFORE, ORDERED** that Petitioner has thirty (30) days from the entry of this Order to file his response to the motion for a judgment on the pleadings.  Petitioner's failure to respond may result in the Court granting Respondent's motion for a judgment on the pleadings and dismissing the Motion to Vacate with prejudice.

**SO ORDERED.**

Signed: November 2, 2011

Graham C. Mullen
United States District Judge