IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-251-GCM
3:02-cr-151-GCM-1

| | |
|---|---|
| ZAKELIA RASHON BAILEY, | ) |
| | ) |
| Petitioner, | ) |
| v. | ) |
| | ) **ORDER** |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss, (Doc. No. 5), Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, Petitioner's Section 2255 motion will be DENIED and DISMISSED.

## I. BACKGROUND

On September 2, 2003, Petitioner was convicted and sentenced following her guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Count One). Petitioner also pleaded guilty to knowingly being in possession of a firearm during and in relation to the drug trafficking charged above, in violation of 18 U.S.C. § 924(c)(1). (Count Five). Petitioner was sentenced to an active term of imprisonment of 240-months on Count One and a consecutive term of 60-months for Count Five. (3:02-cr-151, Doc. No. 57: Judgment in a Criminal Case at 1-2). Petitioner did not file an appeal or otherwise challenge her criminal judgment until she filed the present Section 2255 motion.

Petitioner argues that recent case law from the United States Supreme Court presents an

1

intervening change of law that she contends may entitle her to have her sentence vacated and resentenced. In her criminal case, the Government filed a notice of its intention to seek enhanced penalties, pursuant to 21 U.S.C. § 851, based on what the Government identified as a previous conviction for felony possession of cocaine, in Mecklenburg County Superior Court in 2000. (Doc. No. 5: Section 851 Notice). Petitioner contends that the decision in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), may be retroactively applicable to her collateral attack on her sentence.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. Following the Court's Order to Answer, the Government filed a motion to dismiss Petitioner's Section 2255 motion. This matter is ready for resolution, and further, the Court finds that this matter can be resolved without an evidentiary hearing. See <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act (the "AEDPA"), as amended in 1996, provides for a one-year statute of limitations for filing a motion under Section 2255. The statute provides as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States

2

> is removed, if the movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme
> Court, if that right has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner contends that her Section 2255 motion is timely because it was filed within one year of the date the Supreme Court filed its decision in Carachuri-Rosendo, or on June 14, 2010. While Petitioner did file her motion within one year of that date, her petition is still untimely and due to be dismissed.

In United States v. Powell, 691 F.3d 561 (4th Cir. 2012), the Fourth Circuit recently held that the rule in Carachuri-Rosendo is not applicable to cases on collateral review. Petitioner's conviction and sentence became final in September 2003, or ten days after entry of her criminal judgment. Her motion is therefore untimely. The Powell ruling also makes Petitioner ineligible for equitable tolling because she cannot stake her claim to the holding in Carachuri-Rosendo, so whether or not she has been diligently pursuing her rights is of no moment, as according to Powell she has no rights which emanate from Carachuri-Rosendo. See United States v. Wheeler, No. 11-6643, at 2-3 (4th Cir. filed Nov. 7, 2012) (unpublished)  ("We note that Wheeler's claim for retroactive application of the Supreme Court's opinion in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and our opinion in United States v. Simmons, 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc), fails in light of our recent decision in United States v. Powell, 691 F.3d 554 (4th Cir. 2012)").

# IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss is **GRANTED**. (Doc. No. 5).

**IT IS FURTHER ORDERED** that Petitioner's Section 2255 motion is **DENIED** and **DISMISSED**. (Doc. No.1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: November 9, 2012

Graham C. Mullen
United States District Judge

4