IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-251-GCM
3:02-cr-151-GCM-1

| | |
|---|---|
| ZAKELIA RASHON BLAKELY ) | |
| ) | |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's motion for reconsideration, filed by and through counsel, of the Court's order denying and dismissing Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed pursuant to 28 U.S.C. § 2255.[1]

## I. BACKGROUND

On September 2, 2003, Petitioner was convicted and sentenced following her guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, and distribution of cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1). (Count One). Petitioner also pleaded guilty to knowingly being in possession of a firearm during and in relation to the drug trafficking charged above, in violation of 18 U.S.C. § 924(c)(1). (Count Five). Petitioner was sentenced to an active term of imprisonment of 240-months on Count One and a consecutive term of 60-months for Count Five. (3:02-cr-151, Doc. No. 3: Indictment at 1-3; Doc. No. 45: Plea Agreement at 1; Doc. No. 57: Judgment in a Criminal Case at 1-2). Petitioner did not file an appeal or otherwise challenge her criminal judgment until she

---

[1] The findings and conclusions set forth in the Court's November 9, 2012 Order denying and dismissing Petitioner's Section 2255 motion are fully incorporated herein. (3:11-cv-251-GCM, Doc. No. 9).

1

filed a pro se Section 2255 motion.

In her pro se motion, Petitioner argued that recent case law from the United States Supreme Court presents an intervening change of law that she contends may entitle her to have her sentence vacated and resentenced. In her criminal case, the Government filed a notice of its intention to seek enhanced penalties, pursuant to 21 U.S.C. § 851, based on what the Government identified as a previous conviction for felony possession of cocaine, in Mecklenburg County Superior Court in 2000. (Doc. No. 5: Section 851 Notice). Petitioner contends that the decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), may be retroactively applicable to her collateral attack on her sentence.

## II. LEGAL DISCUSSION

In the Order denying and dismissing Petitioner's pro se Section 2255 petition, the Court found that recent case law from the Fourth Circuit precluded the relief Petitioner's was seeking through her Section 2255 proceeding. Namely, the Fourth Circuit's decision in United States v. Powell, In the motion for reconsideration, Petitioner, by and through counsel, notes that counsel was appointed by the district judges in the Western District on May 22, 2012, in all cases potentially affected by United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). In particular, the Federal Defenders of the Western District of North Carolina (FDWNC) were appointed to assist defendants in reviewing their criminal cases to determine whether the holding in Simmons may entitle them to post-conviction relief. See (3:12-mc-92, Doc. No. 1).[2]

In the Court's Order denying and dismissing Petitioner's pro se Section 2255 motion, the

---

[2] In light of the Court's Order appointing counsel in cases potentially affected by Simmons the Court will grant Petitioner's motion to reconsider under Rule 60(b)(6) of the Federal Rules of Civil Procedure. As Petitioner did not have the previous benefit of making argument through counsel, the Court finds that this reason justifies the relief of reconsideration.

2

Court found as follows:

> In <u>United States v. Powell</u>, 691 F.3d 561 (4th Cir. 2012), the Fourth Circuit recently held that the rule in <u>Carachuri-Rosendo</u> is not applicable to cases on collateral review. Petitioner's conviction and sentence became final in September 2003, or ten days after entry of her criminal judgment. Her motion is therefore untimely. The <u>Powell</u> ruling also makes Petitioner ineligible for equitable tolling because she cannot stake her claim to the holding in <u>Carachuri-Rosendo</u>, so whether or not she has been diligently pursuing her rights is of no moment, as according to <u>Powell</u> she has no rights which emanate from <u>Carachuri-Rosendo</u>. <u>See</u> <u>United States v. Wheeler</u>, No. 11-6643, at 2-3 (4th Cir. filed Nov. 7, 2012) (unpublished) ("We note that Wheeler's claim for retroactive application of the Supreme Court's opinion in <u>Carachuri-Rosendo v. Holder</u>, 130 S. Ct. 2577 (2010), and our opinion in <u>United States v. Simmons</u>, 649 F.3d 237, 241-45 (4th Cir. 2011) (en banc), fails in light of our recent decision in <u>United States v. Powell</u>, 691 F.3d 554 (4th Cir. 2012)").

<u>See</u> (3:11-cv-251-GCM: Doc. No. 9: Order at 3).

The Court finds that the directive from the Fourth Circuit is clear: The holdings of <u>Carachuri</u> and <u>Simmons</u> are not retroactive to cases pending on collateral review. As Petitioner's criminal judgment was final in 2003, and she did not file her Section 2255 petition until May 19, 2011, or nearly a year after the Supreme Court released its opinion in <u>Carachuri</u> the Court found that she was not entitled to relief. Finally, the Court found in its November 9th Order that Petitioner was not entitled to the equitable tolling of the statute of limitations under 28 U.S.C. § 2255(f)(1)-(4) because, in light of the Fourth Circuit's finding regarding retroactivity, Petitioner has no meritorious claim for a relief. To find otherwise, it would appear to this Court, would be to ignore the Fourth Circuit's finding that there is no relief on collateral review. (<u>Id.</u>).

Through counsel, Petitioner seeks to offer alternative claims for relief.

A.     <u>28 U.S.C. § 2241</u>

Petitioner has filed for relief under 28 U.S.C. § 2241. (3:11-cv-251, Doc. No. 11-1 at 20). A petitioner seeking to attack her conviction or sentence must file a motion under § 2255 unless

3

this remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

Id. at 333-34.

In the present case, Petitioner does not fairly challenge the legality of her conviction, rather she challenges her sentence which she contends was based on a prior drug conviction that she maintains is no longer properly considered in determining a sentencing enhancement. As Petitioner is only challenging the sentence imposed by the Court she has therefore failed to demonstrate that pursuit of relief through the provisions of Section 2255 is inadequate.

Finally, Petitioner was sentenced to 240-months' imprisonment for conviction of a Section 841(a) offense. The Court observes, that even without consideration of a previous drug offense, Petitioner was sentenced to a term within the statutory maximum. See 21 U.S.C. § 841(b) (upon conviction of a Section 841(a) offense, "such person shall be sentenced to a term of imprisonment which may not be less than 10 years no more than life. . ."). For these reasons, Petitioner's Section 2241 motion will be denied.

B.  Coram Nobis Relief

Petitioner has also pled an alternative claim for relief asking this Court to grant a petition

for a writ of *coram nobis*. (Doc. No. 11-1 at 23). Relief pursuant to a writ of *coram nobis* should be limited to petitioners that are no longer in custody on their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer in custody for purposes of 28 U.S.C. § 2255.'"). According to the record, Petitioner is still in custody, and the Court finds that Petitioner does not contest her conviction rather she only contests her sentence. The petition will be denied.

      C.      Petition for a Writ of Audita Querela

Finally, the Court finds that the writ of *audita querela* is unavailable to a petitioner that may otherwise challenge a conviction or sentence by way of a Section 2255 motion. "A writ of *audita querela* is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 2012 WL 5417618, at *1 (4th Cir. filed Nov. 7, 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who could raise his claim pursuant to Section 2255)). Petitioner was able to challenge her sentence through a motion under Section 2255. Petitioner's lack of success before this Court does not, however, render the Section 2255 motion unavailable. This petition will be denied.

### III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Petitioner's Motion to Reconsider is **GRANTED**. (Doc. No. 11).

**IT IS FURTHER ORDERED** that Petitioner's Claims for Relief in the Motion to Reconsider are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: February 12, 2013

Graham C. Mullen
United States District Judge